[Civ. No. 18087. First Dist., Div. One. June 25, 1958.]

ROBERT E. SIDEBOTHAM et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; O. A. ARTHUR et al., Real Parties in Interest.

Theodore M. Monell and Delger Trowbridge for Petitioners.

No appearance for Respondents.

Morris Lowenthal, Juliet Lowenthal and Karl D. Lyon for Real Parties in Interest.

WOOD (Fred B.), J.—Petitioners question the validity of an order made by the respondent court in a proceeding for settlement of a proposed statement for use upon petitioners'

appeal from a judgment rendered in an action tried in the respondent court.

Petitioners-appellants' proposed statement was in two parts: One part was in substance a clerk's transcript; the other a condensed narrative of the oral proceedings had upon the trial.

The respondent real parties in interest proposed no amendments to the first part of appellants' statement. They made numerous objections to appellants' statement of the oral proceedings.

The respondent court, after a hearing, ordered the statement of the oral proceedings stricken. It further ordered that appellants (1) file within 15 days a written request for a full and complete reporter's transcript of the oral proceedings and, within 10 days after notice of the estimate of the cost thereof, deposit with the clerk of the court the amount of the estimate in cash or file a waiver of such deposit signed by the reporter; (2) obtain at their own cost and furnish to the court the original and to respondent one copy of said complete reporter's transcript to aid in the preparation of a settled statement of the oral proceedings; (3) prepare and file, within 30 days after the reporter's transcript has been prepared and delivered to the appellants, the respondents and the court, an accurate and fair statement of the oral proceedings based upon the complete reporter's transcript; or (4) in lieu thereof, if appellants so elect, abandon any narrative statement or settled statement of the oral proceedings and proceed upon the judgment roll alone.

The court further ordered that if appellants fail to carry out any of the requirements of clauses (1) to (4), within the time or times limited therefor, respondents may at their election submit for settlement by the court a statement on appeal which shall consist of the judgment roll, notices of appeal and notices of election to proceed under rule 7 and such other matters as respondents may deem pertinent to the appeal, for inclusion in an engrossed statement on appeal.

Appellants claim that the portion of the order which struck out their statement of the oral proceedings was made arbitrarily and in abuse of the sound discretion vested in the trial court and, therefore, in excess of its jurisdiction. Our examination of the record does not lead us to any such conclusion.

The court made a considerable number of "findings" and concluded that appellants' statement was too incomplete, inaccurate and distorted to serve as a basis for amendment and

correction, short of preparing an entirely new statement; that appellants' and respondents' notes and the court's notes and memory of the oral proceedings (the trial consumed some 40 days extending over a period of seven months, and 27 witnesses testified) were too incomplete to serve as a means for preparation and amendment of an accurate and adequate settled statement without the aid of a reporter's transcript.

The following summary of some of these findings will serve to indicate the basis of the court's conclusion that appellants' proposed statement should go out and a new beginning be made: (1) Appellants' statement of the oral proceedings does not "accurately and fairly" reflect the proceedings; it is not a "full, fair, accurate, bona fide, objective, or truthful" statement; it is a "fragmentary, incomplete, untrue and thoroughly biased and distorted" synopsis of portions of the testimony, together with appellants' counsel's "own interpretation of the meaning and effect" of said testimony and certain exhibits; it "omits" substantial evidence "material" to the findings and to the issues on appeal. (2) Counsel used their incomplete and inaccurate trial notes "in a biased and distorted manner so as to present an incomplete, one-sided, and unfair condensation or synopsis slanted in behalf of appellants." (3) The full extent and exact nature of the "omissions and distortions" cannot be ascertained without a complete reporter's transcript. (4) It is wholly inadequate as a statement of the oral evidence material to the appeal and is "so incomplete, slanted, misleading, unfair, inaccurate and wholly lacking in the essentials as to render correction by amendment impossible." (5) it presents in "distorted fashion" evidence that is material and decisive. (6) Appellants "sought" to include "primarily" such evidence as might appear to substantiate some theory of the defense "with undue and exaggerated emphasis" and "wilfully watered down, minimized, diluted in content, or distorted" evidence supporting plaintiffs' case in such "incomplete, ambiguous or meaningless fashion" as to render it "innocuous and to lose its force and effect and value."

These and other relevant findings, the order states, were based on the evidence and the facts developed at the hearing, the respective arguments of counsel, the court's familiarity with the proceedings and its examination of appellants' proposed statement. An examination of the record furnished us, including the reporter's transcript of the hearing held upon the motion to strike, indicates sufficient evi-

dentiary support for the court's findings and its order to strike. We cannot predicate upon this record a conclusion that the trial court acted arbitrarily, abused its discretion and thereby exceeded its jurisdiction. Moreover, we have no familiarity with the oral proceedings at the trial, as did the trial judge, against which to measure the adequacy or inadequacy, the correctness or incorrectness and the usefulness or unusefulness of appellants' proposed statement.

Appellants criticize the findings mentioned, claiming that some of them are too general in nature and that some are really but conclusions of law. This criticism we deem ill founded. Moreover, where, as here, findings are not required, such findings as are in fact made need not be measured with the same measuring stick as when findings are required. In addition, we observe that the order in question expressly finds that the "instances, examples and illustrations" of deficiencies of appellants' statement as set forth in a certain affidavit in evidence are true. This amounts to a series of detailed findings by the court of a considerable number of specific facts.

It is true that "[u]nless there is some justifiable excuse, a trial judge may not arbitrarily refuse to settle the statement." (*Western States Const. Co.* v. *Municipal Court,* 38 Cal.2d 146, 148-149 [238 P.2d 562], wherein it appeared that the opposite party proposed no amendments, interposed no objections and by withdrawing the answer to the verified petition for writ of mandate admitted that the proposed statement " 'contains all of the material evidence, and is fair' " (p. 149). See also *Keller* v. *Superior Court,* 100 Cal.App.2d 231 [223 P.2d 309], wherein the appellant accepted respondent's amendments and the trial court in refusing to settle failed to point out or specify any deficiencies, (p. 234) ; and *Eisenberg* v. *Superior Court,* 142 Cal.App.2d 12 [297 P.2d 803], where there were only five matters as to which the judge needed a transcript other than the partial transcript offered, these matters were pinpointed and the trial judge could settle the dispute by reference to his memory or his own notes or by having the reporter's notes on those five matters read back to him.)

It is obvious that none of the three cases last cited was at all comparable to the instant case. Quite similar to our case was *Nichols* v. *Smith,* 25 Cal.App.2d 94 [76 P.2d 525], hearing by Supreme Court denied. After summarizing the trial court's findings (very similar to those in our case) the reviewing court said it was "not a case where a court or judge has

arbitrarily refused to settle a proposed bill of exceptions, but rather one where, after consideration thereof, the same has been deemed so unfair and so lacking in its essentials as to render correction by amendment impossible." (P. 96.)

However, we think that certain other features of the questioned order are subject to modification.

■ We do not deem it proper to require appellants to purchase two copies of the transcript (in addition to the original) and give one of them to the opposite parties. Rule 7 of the Rules on Appeal, at the most, sanctions a direction by the superior court that the appellant "make his copy of the transcript available to the respondent." Also, the order as written is possibly susceptible to an interpretation that it precludes the use of portions of the transcript already transcribed by the reporter, even if in usable shape. Such a duplication of expense would not be proper. Appellants claim that oral proceedings pertinent to a motion for an allowance of fees to counsel for the opposite parties has no relevancy to this appeal and need not and should not be written up at the expense of the appellants. There well may be found that other considerable portions of the oral proceedings are not relevant to the issues involved upon this appeal. The ends of justice will be served by according appellants an opportunity within a reasonable time after this order becomes effective within which to state the questions they intend to raise and to delimit the issues as they may be advised. That portion of the order which grants appellants an option to proceed upon the judgment roll alone instead of obtaining a complete reporter's transcript and preparing a new statement based thereon is potentially subject to an interpretation that would preclude the appellants from using such a reporter's transcript as a part of the appeal record in lieu of a condensed narrative. We do not think that the trial court intended any such result. Certain other portions of the order are so related to and dependent upon those portions, above indicated, which should be vacated, that they too should be deleted.

The order under review is modified by vacating and annulling that portion which begins with " (2) That defendants and appellants" and closes with the words "signed by this court" (commencing in line 14, page 12, and ending in line 13, page 14, of the copy attached to the petition herein and designated Exhibit 3), and the clerk of this court is hereby directed to issue a peremptory writ of mandate commanding the re-

spondent court to resume and continue the proceeding for the preparation of a settled statement in accordance with the views herein expressed.

Peters, P. J., and Bray, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied August 21, 1958.