Filed 2/9/16; pub. & mod. order 3/4/16 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SUSAN MOONEY,<br><br>      Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SANTA CRUZ COUNTY,<br><br>      Respondent;<br><br>PAUL A. MOONEY,<br><br>      Real Party in Interest. | No. H041500<br>(Santa Cruz County<br>Super. Ct. No. FL032179) |

Petitioner Susan Mooney seeks writ relief from the order of respondent Santa Cruz County Superior Court (the court) requiring her to pay real party in interest Paul A. Mooney's attorney's fees in connection with her motion for a settled statement under California Rules of Court, rule 8.137.[1] She asserts that the court violated rule 8.137 and abused its discretion in awarding attorney's fees. We find that the court abused its discretion in failing to rule on Susan's motion and in awarding attorney's fees. We therefore issue a peremptory writ of mandate.

---

[1] Subsequent rule references are to the California Rules of Court unless otherwise specified.

## I. Background

The dissolution action between Susan and Paul was tried to the court in a one-day trial on February 24, 2014. Paul was represented by his attorney at the trial; Susan was not represented by counsel at the trial. In April 2014, the court entered a judgment dissolving the marriage, declining to award spousal support to either party, and dividing the couple's real and personal property. The judgment contained five pages of findings and a chart corresponding to those findings. It recounted that the court had denied Susan's continuance request and admitted Paul's 22 exhibits into evidence. The judgment also stated that Susan had waived any future spousal support and that the court would not have awarded spousal support in any event because "each party was self-supporting." The court found that Paul was entitled to a credit of $2,500 for support payments he had made to Susan in 2012 and 2013. In connection with the credit, the court found that Susan "worked each month wherein spousal support was an issue." It also made express findings regarding each item of real property at issue, each car, and each retirement account, and it determined each claim for reimbursement and found that Paul owed Susan an equalizing payment of $24,173.

In June 2014, Susan timely filed a notice of appeal from the judgment. She also filed a notice designating the record on appeal. Susan chose to proceed with a clerk's transcript, and she designated that it would include all of Paul's exhibits and his trial brief. She elected to proceed with a settled statement under rule 8.137 as to the oral proceedings before the superior court.[2] At the same time, Susan filed a motion for a

---

[2] Although she was not required to do so in her notice, Susan identified her issues on appeal as follows: "1. Whether there was an abuse of discretion by the trial court in not taking into account the delay by Respondent [(Susan)] in seeking support. [¶] 2. Whether the trial court failed to take into account changes in circumstances in the finances of Petitioner [(Paul)] after the dissolution and prior to the request for spousal

(*Continued*)

settled statement in the superior court under rule 8.137. In her motion, she asserted that the trial "was conducted without a use of a court reporter," "was not tape recorded," and therefore "the only way to provide to the appellate court a record of the trial would be for this court to allow submission of a settled statement on appeal." Susan's attorney declared that a proposed settled statement would be submitted to the court and Paul's attorney. They could submit "[c]hanges and corrections" to the proposed settled statement, which would then be submitted with the proposed settled statement to the Court of Appeal. The motion was initially set for hearing on August 4, 2014.

On July 22, 2014, Paul filed opposition to Susan's motion. He claimed that Susan was not entitled to a settled statement because (1) she had not identified the issues that she intended to raise on appeal,[3] (2) she could have retained a court reporter to report the oral proceedings, (3) she had not requested a statement of decision, (4) "it is highly dubious a settled statement could be agreed to without a significant burden" to Paul and the court, and (5) her appeal would be meritless.

At the August 4, 2014 hearing, Susan's attorney acknowledged that he had encountered "great difficulty" in preparing a proposed settled statement because he had "to rely on the imperfect memory of my client." Nonetheless, he had prepared a proposed settled statement. The court took the position that Susan had "the burden of persuading the court" that the settled statement could be produced "without significantly burdening opposing counsel or the court." Responding to Paul's attorney's claim that

support. [¶] 3. Whether the trial court failed to consider the lack of proof of disability on the part of Respondent. [¶] 4. Whether the trial court erred in considering income from Petitioner that was in excess of 40 hours per week. [¶] 5. Whether the motion for reconsideration was improperly denied by a judge who did not hear the trial."

[3] We note that Susan's notice designating the record had expressly identified the issues that she intended to raise on appeal. (See footnote 2.)

3

Susan had not identified the issues she intended to raise on appeal, Susan's attorney offered an oral explanation of the issues he intended to raise on appeal: "One, whether or not the court recognized an interspousal transfer deed, and giving credits appropriately to the parties; two, whether or not the motion to continue because of my client's medicated condition should have been considered by the Court, whether she was denied access to the Court as a result of her inability to participate in the Court proceeding." "Whether or not there was appropriate credits for my client's claim on a credit card, . . . whether or not my client was given . . . credit for payment on credit cards or the assumption of those credit cards appropriately." He also asserted that there was an issue on appeal about the court's determination that "the house value went up and, as a result, my client's interests were protected in that record."[4] Susan's attorney asserted that these were the issues "addressed in this proposed statement on appeal." The court decided to allow counsel to brief the issue of "this burden" and set another hearing for August 22, 2014.

Susan's attorney submitted a brief in which he pointed out that there was no "burden" issue because rule 8.137 permitted a settled statement to be prepared where there was no record of the oral proceedings. Since no proposed statement could be submitted until after the motion was granted, he argued that a denial of the motion could not be premised on the content of the proposed statement. Paul's attorney continued to insist that Susan was not entitled to a settled statement because she had failed to have the trial reported and failed to request a statement of decision. She also continued to argue that the burden on Paul was a justification for denying the motion.

At the August 22, 2014 hearing, the court ruled that rule 8.137(a)(2)(A), which concerns the burden on the court and opposing counsel, did not apply since the trial had

---

[4] Notably, these were not the same issues identified in the notice designating the record on appeal.

4

not been reported. Nevertheless, the court still believed that "[t]he issue is the work that Ms. Parry [Paul's attorney] will have to do . . . because Mr. Hannon [Susan's attorney] was not here for the trial." The court pointed out that it had "retained my personal notes from the trial, so I'm prepared to add to, supplement, adjust, or edit the proposed statement once it comes to me." However, the court considered it "not fair" that Paul's attorney "should do all this work" to respond to the proposed settled statement, so "I'm going to award her attorney's fees for the work that is necessary for her to time [*sic*] to create the settled statement. And I'm going to order that they be paid ahead of time. The reason I'm going to do that is because of the history of this case." The court explained that Susan had a "history of failure of cooperation" and had previously "chose[n] not to follow" court orders. The court also found that Susan "can afford" to pay Paul's attorney's fees.

When Susan's attorney inquired about the basis for the attorney's fees award, the court stated that it was not awarding fees under Family Code section 271. It stated: "It just seemed fair, Mr. Hannon. If you want me to go get you a code section, I'll do some research and get you a code section." "[I]t seems to me, if I'm going to order Ms. Parry to participate in a settled statement on appeal, she should be compensated for her time and not by her client, but by the person who is asking for her assistance. That was my thought process. I don't have a code section to attach to it." When Susan's attorney questioned the court's order that Susan pay Paul's attorney's fees in connection with the settled statement, the court said: "I could be mistaken." The court then scheduled a hearing for September 8, 2014 at which it would decide whether it had the authority to order attorney's fees, and it asked the parties to submit updated income and expense declarations.

On August 25, 2014, Susan filed a three-page proposed settled statement. The proposed statement contained 12 paragraphs purporting to relate the oral proceedings at

5

the trial. One paragraph stated when the parties were married and separated, and the length of their marriage. Two paragraphs concerned a motion to continue the trial. Three paragraphs concerned spousal support. Four paragraphs concerned a parcel of real property. One paragraph concerned an IRA account. The final paragraph concerned the couple's 2011 tax refund. Paul's attorney disputed the accuracy of the statements in the proposed settled statement. Both Paul and Susan filed updated income and expense declarations.

At the September 8, 2014 hearing on the court's authority to award attorney's fees, the court recalled that at the prior hearing "the Court presented its indicated that I was going to order a settled statement and request Ms. Parry to participate in that but my tentative was to order Ms. Susan Mooney to pay attorney's fees to Ms. Parry for her time spent in that matter." The court stated that it was relying on Family Code sections 2032 and 4320 as the authority for awarding attorney's fees when "just and reasonable." The court recounted how Susan's conduct throughout the trial court proceedings had prolonged the litigation. It concluded that her conduct made it "appropriate to award attorney's fee to Ms. Parry ahead of time for her role in the preparation of the settled statement on appeal." The court found that Susan had the "financial ability to pay" these fees.

Paul's attorney told the court that her fees so far in connection with the settled statement motion were $7,385. The court agreed with Paul's attorney that the proposed settled statement contained "very little . . . that even remotely resembles what occurred during the trial on February 24." It decided that Susan should "pay $10,000 to Ms. Parry for time already expended and then that will include -- it's not quite $2,700 for more time towards this settled statement of appeal. If she doesn't pay that money then you don't have to do any further work towards the appeal." Paul's attorney complained that $10,000 was not "enough," but the court allowed her to come back and ask for more if

6

needed. A hearing was set for October 31, 2014 for Susan to pay the $10,000 and provide "a statement of proposed issues."[5] The court's minute order stated: "Respondent shall pay attorney fees in the amount of $10,000.00. $7385.00 is due for attorney time/fees already expended, and the remaining balance shall be paid if Respondent chooses to go forward with the statement of issues/appeal." The trial court never issued or filed a written order granting or denying Susan's motion for a settled statement.

On October 2, 2014, Susan filed a petition for a writ of mandate in this court challenging the trial court's order, which she characterized as "allowing [Paul's attorney] to prepare the settled statement on appeal," "requiring [Susan] to pay the attorney fees of [Paul] in preparing the settled statement on appeal," and "requiring [Susan] to pay the attorney fees of [Paul] for all work performed in responding to the motion seeking to proceed by way of a settled statement on appeal." This court issued a stay of all trial court proceedings. After requesting and receiving opposition and a reply to the opposition, this court issued an order to show cause. Paul filed a return, and Susan filed a traverse.

## II. Discussion

The trial court abused its discretion by failing to rule on Susan's motion, linking its decision on Susan's motion with its decision on attorney's fees, and making an invalid attorney's fees order. Because the trial court should not have linked Susan's motion and Paul's attorney's fees, we examine each issue separately in order to decouple them and provide guidance to the trial court.

---

[5] An appellant seeking a settled statement is not required to identify "the points to be raised on appeal" until after the court grants the motion for a settled statement. (Rule 8.137(b)(2).)

## A. Motion For Settled Statement

Rule 8.137 sets forth the procedure for seeking a settled statement. "(1) An appellant intending to proceed under this rule must serve and file in superior court with its notice designating the record on appeal under rule 8.121 a motion to use a settled statement instead of a reporter's transcript or both reporter's and clerk's transcripts. [¶] (2) The motion must be supported by a showing that: [¶] (A) A substantial cost saving will result and the statement can be settled without significantly burdening opposing parties or the court; [¶] (B) *The designated oral proceedings were not reported or cannot be transcribed; or* [¶] (C) The appellant is unable to pay for a reporter's transcript and funds are not available from the Transcript Reimbursement Fund (see rule 8.130(c)). A party proceeding in forma pauperis is deemed unable to pay for a transcript." (Rule 8.137(a), italics & boldface added.)

The rule also prescribes what shall occur upon the denial of the motion or the grant of the motion. "If the court denies the motion, the appellant must file a new notice designating the record on appeal under rule 8.121 within 10 days after the superior court clerk sends, or a party serves, the order of denial." (Rule 8.137(a)(3).) "Within 30 days after the superior court clerk sends, or a party serves, an order granting a motion to use a settled statement, the appellant must serve and file in superior court a condensed narrative of the oral proceedings that the appellant believes necessary for the appeal. Subject to the court's approval in settling the statement, the appellant may present some or all of the evidence by question and answer. [¶] (2) If the condensed narrative describes less than all the testimony, the appellant must state the points to be raised on appeal; the appeal is then limited to those points unless, on motion, the reviewing court permits otherwise. [¶] . . . [¶] (4) Within 20 days after the appellant serves the condensed narrative, the respondent may serve and file proposed amendments. [¶] (5) The proposed statement

8

and proposed amendments may be accompanied by copies of any document includable in the clerk's transcript under rule 8.122(b)(3) and (4)." (Rule 8.137(b).) "The clerk must set a date for a settlement hearing by the trial judge that is no later than 10 days after the respondent files proposed amendments or the time to do so expires, whichever is earlier, and must give the parties at least five days' notice of the hearing date. [¶] (2) At the hearing, the judge must settle the statement and fix the times within which the appellant must prepare, serve, and file it. [¶] (3) If the respondent does not object to the prepared statement within five days after it is filed, it will be deemed properly prepared and the clerk must present it to the judge for certification." (Rule 8.137(c).)

Susan filed a timely motion for a settled statement based on the fact that the trial has not been reported. It is undisputed that the trial was not reported. Despite that fact, the trial court never ruled on Susan's motion. At oral argument, both Susan and Paul asserted that the trial court granted Susan's motion. No such order appears in the record. Rule 8.137 plainly requires the court to make a *written order* granting or denying a motion for a settled statement as only a written order could possibly trigger rule 8.137's timing provisions. (Rule 8.137(a)(3), (b)(1).) In this case, since the court issued no written order granting or denying Susan's motion, it is clear that the trial court did not anticipate making a decision on Susan's motion in advance of Susan paying $10,000 at a pending hearing that has not yet occurred. The prolonged proceedings that preceded this writ petition demonstrate that the trial court was not familiar with the requirements of rule 8.137 and did not comply with those procedures.

Susan's motion for a settled statement was timely filed in June 2014 in conjunction with her notice of appeal and notice designating the appellate record. But the trial court, despite having held two hearings in August 2014 and another in September 2014, never granted or denied her motion. At the August 22 hearing, the court stated that it intended to require Susan to pay Paul's attorney's fees "*if I'm going to order* Ms. Parry

9

to participate in a settled statement on appeal." (Italics & boldface added.)  The "if" reflected that the court had not made a decision on Susan's motion.  At the September 8 hearing, the court stated that, at the August 22 hearing, "the Court presented *its **indicated** that I was **going to order*** a settled statement and request Ms. Parry to participate in that but *my tentative* was to order Ms. Susan Mooney to pay attorney's fees to Ms. Parry for her time spent in that matter."  (Italics & boldface added.)  The court's reference to its "indicated" and "tentative" further reflected that it had not yet made a decision on Susan's motion.  At neither hearing did the court actually grant or deny Susan's motion for a settled statement, and the record before us contains no written order granting or denying the motion.  Instead, the trial court held Susan's motion in abeyance while it considered the separate attorney's fees issue.

A trial court exercises discretion in ruling on a motion for a settled statement, but here the trial court *failed to rule* on the motion, which was necessarily an abuse of its discretion.  Moreover, as the case law demonstrates, the discretion that a trial court has in ruling on a motion for a settled statement is limited.  In *Western States Const. Co. v. Municipal Court of San Francisco* (1951) 38 Cal.2d 146 (*Western States*), after a judgment was entered following a trial that was reported, the defendant filed a proposed settled statement.[6]  No objections were made to the proposed settled statement, and no

---

[6]     *Western States* preceded the adoption of rule 8.137.  At that time, settled statements were authorized by rule 8.137's predecessor, rule 7 of the Rules on Appeal, which was adopted in 1943.  The original version of rule 7, unlike rule 8.137, did not require a "motion" but only a "notice" by the appellant.  (Rule 7, Rules on Appeal, eff. July 1, 1943.)  In 1988, rule 7 was amended to add a motion procedure but only where the settled statement was sought on the ground of "substantial cost savings," which is now the ground stated in rule 8.137(a)(2)(A).  In 2002, the motion procedure was expanded to uniformly apply to all three grounds for a settled statement.  (Lexis-Nexis The Standard California Codes (2002 ed.) Advisory Com. Com. to 2002 version of rule 7.)  In 2007, rule 7 was renumbered as rule 8.137.

amendments were proposed. The trial court did not challenge the fairness or accuracy of the proposed settled statement. (*Western States*, at p. 149.) However, the trial court refused to authorize a settled statement because the plaintiff's attorney had died after the trial and the court could not remember the proceedings. The trial court felt that, under these circumstances, there was "'nothing to settle.'" (*Western States*, at pp. 147-148)

The California Supreme Court found that the trial court had failed to comply with its duty. "Unless there is some justifiable excuse, a trial judge may not arbitrarily refuse to settle the statement. 'To so hold would place it in the power of the trial judge to deprive a litigant of his right of appeal by simply refusing to perform a plain duty.'" (*Western States*, *supra*, 38 Cal.2d at pp. 148-149.) The court pointed out that a trial court considering a motion for a settled statement may ordinarily consider "(1) the suggestions of the respondent on appeal; (2) the judge's own memory [citation]; (3) notes made by the judge during the trial [citation]" and any other helpful resources, such as a reporter's notes or transcript, that are available. (*Western States*, at p. 150.) "If the foregoing prove insufficient, then it should be made to clearly appear from the record, and the reasons given therefor, why the trial judge was convinced of his [or her] inability to settle a satisfactory statement . . . ."[7] (*Ibid.*)

---

[7] The considerations set forth by the California Supreme Court in *Western States* remain valid today. "To adequately reconstruct trial testimony in a settled statement we consider: (1) whether the trial judge took 'detailed notes' [citation]; (2) whether the court is 'able to remember' the missing portion of the record [citation]; and (3) the ability of defendant's counsel [the attorney for the party not seeking the settled statement] to effectively participate in reconstructing the record." (*People v. Cervantes* (2007) 150 Cal.App.4th 1117, 1121.)

Paul quotes this passage from *Cervantes* in his return, but he replaces "defendant's" with "appellant's," which makes his quotation highly misleading. In *Cervantes*, the prosecutor sought a settled statement, and the defendant's attorney, who had not been present at the trial, opposed the request. Hence, it was the presence at trial

(*Continued*)

11

The California Supreme Court's decision in *Western States* did not preclude a trial court from making a discretionary decision to deny a request for a settled statement, but it did require a trial court to provide reasons for a denial that amounted to "some justifiable excuse" why a settled statement could not be produced using the established procedures. In *Western States*, the trial court's lack of memory of the proceedings and the unavailability of the adverse party's attorney coupled with the fact that the trial had been reported did not add up to a justifiable excuse for denying a request for a settled statement.

*Sidebotham v. Superior Court of San Francisco* (1958) 161 Cal.App.2d 624 (*Sidebotham*) is an example of a case in which the Court of Appeal found that the trial court had a justifiable excuse for denying a request for a settled statement. In *Sidebotham*, a judgment was rendered after 40 days of trial over a seven-month period. Twenty-seven witnesses testified at the trial, and the trial was reported. Instead of obtaining a reporter's transcript to use in their appeal, the appellants submitted a proposed settled statement of the oral proceedings to the trial court for its approval to use as part of the record for their appeal. The real parties made numerous objections to the proposed settled statement. (*Sidebotham*, at pp. 625-627.)

The trial court rejected the proposed settled statement and ordered the appellants to obtain a reporter's transcript and prepare an accurate statement from it or to proceed with the appeal without any statement of the oral proceedings. (*Sidebotham*, *supra*, 161 Cal.App.2d at p. 626.) The trial court found that the proposed statement was "too

of the attorney for the party *adverse* to the one seeking a settled statement that was relevant to whether a settled statement could be produced. In this case, Paul's attorney, the attorney for the party adverse to the one seeking a settled statement, was present at the trial. His suggestion that the absence of Susan's attorney at trial is one of the relevant considerations lacks any authority.

12

incomplete, inaccurate and distorted to serve as a basis for amendment and correction, short of preparing an entirely new statement." (*Id.* at pp. 626-627.) The trial court also found that the notes and memories of the court and counsel were too incomplete to provide a basis for an adequate settled statement in the absence of a reporter's transcript. (*Id.* at p. 627.) The Court of Appeal found no abuse of discretion because the proposed settled statement was inaccurate, incomplete, and distorted, and a reporter's transcript could be obtained. (*Sidebotham*, at pp. 626-628.)

Although the trial court has not yet ruled on Susan's motion, we can see nothing in the record that would support a denial of her motion. The record establishes that the trial court took notes during the very short trial, retained those notes, and told the parties that it would be able to evaluate the accuracy of a proposed settled statement. Paul's attorney had been present at the trial, and it was clear that she recalled the trial testimony, which amounted to the testimony of just Paul and Susan. She obviously would be able to "effectively participate" in the settled statement proceedings. The only reasons cited by the trial court for potentially denying Susan's motion were the interrelated facts that Susan's attorney had not been present at the trial and had produced a proposed settled statement that was not accurate. These reasons could not justify the denial of the motion as Paul's attorney and the trial court had an adequate basis for correcting any inaccuracies in the proposed settled statement. That is, after all, the reason for the procedures set forth in rule 8.137. We can find no basis in the record for a decision to deny Susan's motion.

We find no merit in the remaining contentions by the parties concerning Susan's motion for a settled statement. Susan claims that the trial court erred in directing Paul's attorney to *prepare* the settled statement. Our review of the record does not reveal that such an order was made. The trial court never even ruled on the motion, let alone directed anyone to prepare a settled statement. The trial court expressed its concern that the process of producing a settled statement necessarily would require Paul's attorney to

13

"do all this work" and spend "time to create the settled statement," but it never directed Paul's attorney to *prepare* the proposed or final settled statement. In fact, the court referred only to the possibility of Paul's attorney being ordered "*to participate in* a settled statement on appeal." (Italics added.) Our understanding of the court's statements is that, under the circumstances, the court believed that if the court granted Susan's motion Paul's counsel would be required to expend considerable time to respond to the proposed settled statement prepared by Susan's attorney because Susan's attorney had not been present at the trial. This understanding is consistent with the court's observation that it had "retained my personal notes from the trial, so I'm prepared to add to, supplement, adjust, or edit the *proposed* statement once it comes to me." (Italics added.)

Paul argues that the trial court "rejected" Susan's proposed settled statement yet "correctly applied rule 8.137 by offering Susan the choice to proceed by settled statement, on the condition that she shoulder some of the costs of preparing the settled statement." As we have already explained, the superior court never ruled on Susan's motion. Nothing in rule 8.137 authorizes a superior court to "condition" the potential grant of a motion for a settled statement on the moving party's payment of the adverse party's attorney's fees or "costs of preparing the settled statement." Rule 8.137 explicitly sets forth the procedure under which a superior court may authorize the preparation of a settled statement.

The trial court erred in attempting to link Susan's motion with the issue of Paul's attorney's fees. A motion for a settled statement should be granted as a matter of course unless there is a justifiable excuse for denying it. The trial court never identified any justifiable excuse for denying Susan's motion, and it made no attempt to comply with the procedures set forth in rule 8.137. Had the court granted the motion at the initial hearing and followed rule 8.137's procedures, Paul's counsel would have had the opportunity to respond. After that, the court could have utilized rule 8.137's procedures to produce a

14

settled statement. Instead, the court diverted the proceedings on Susan's motion into extensive consideration of Paul's attorney's fees. The record does not contain any motion by Paul for attorney's fees. Even if such a motion had been filed, the court should have resolved Susan's motion before considering a fees motion. The trial court abused its discretion by failing to rule on Susan's motion and by diverting the proceedings on her motion into hearings on a nonexistent attorney's fees motion.

## B. Attorney's Fees Order

Trial courts have considerable discretion in ruling on attorney's fees motions. However, in this case, there was no attorney's fees motion by Paul, and the trial court itself initiated proceedings aimed at awarding attorney's fees to Paul's attorney. The court abused its discretion in doing so.

The trial court's attorney's fees order was expressly premised solely on Family Code sections 2032 and 4320, and the court expressly disavowed any intent to impose sanctions under Family Code section 271. Family Code section 2032 provides: "The court may make an award of attorney's fees and costs *under Section 2030 or 2031* where the making of the award, and the amount of the award, are just and reasonable under the relative circumstances of the respective parties." (Fam. Code, § 2032, subd. (a), italics added.) Family Code section 2031 provides that "an application for a temporary order making, augmenting, or modifying an award of attorney's fees . . . *shall be made by motion on notice or by an order to show cause*." (Fam. Code, § 2031, italics added.) Family Code section 2030 provides that "the court shall ensure that each party has access to legal representation . . . to preserve each party's rights by ordering, *if necessary based on the income and needs assessments*, one party, except a governmental entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the

15

pendency of the proceeding." (Fam. Code, § 2030, subd. (a)(1), italics added.) "*When a request for attorney's fees and costs is made*, the court *shall make findings* on whether an award of attorney's fees and costs under this section is appropriate, *whether there is a disparity in access to funds to retain counsel*, and whether one party is able to pay for legal representation of both parties. *If the findings demonstrate disparity in access and ability to pay*, the court shall make an order awarding attorney's fees and costs." (Fam. Code, § 2030, subd. (a)(2), italics added.) "Attorney's fees and costs within this section may be awarded for legal services rendered or costs incurred before or after the commencement of the proceeding." (Fam. Code, § 2030, subd. (b).) "The purpose of such an award is to provide one of the parties, if necessary, with an amount adequate to properly litigate the controversy. [Citations.] [¶] The court may award attorney fees under section 2030 'where the making of the award, and the amount of the award, are just and reasonable under the relative circumstances of the respective parties.'" (*In re Marriage of Duncan* (2001) 90 Cal.App.4th 617, 629.)

Family Code section 2032 states: "In determining what is just and reasonable under the relative circumstances, the court shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately, taking into consideration, to the extent relevant, the circumstances of the respective parties described in Section 4320. The fact that the party requesting an award of attorney's fees and costs has resources from which the party could pay the party's own attorney's fees and costs is not itself a bar to an order that the other party pay part or all of the fees and costs requested. Financial resources are only one factor for the court to consider in determining how to apportion the overall cost of the litigation equitably between the parties under their relative circumstances." (Fam. Code, § 2032, subd. (b).) Family Code section 4320 sets forth the circumstances the court is required to consider in setting spousal support. None of the circumstances listed in

16

Family Code section 4320 relates to litigation conduct, but the final circumstance is "[a]ny other factors the court determines are just and equitable." (Fam. Code, § 4320 (n).) We review a trial court's award of attorney's fees under Family Code section 2032 for abuse of discretion. (*In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 768.)

The trial court's attorney's fees order was an abuse of its discretion. First, Paul never filed a motion or an order to show cause seeking his attorney's fees. In the absence of a motion, the court's order was not authorized under Family Code section 2032. Second, the trial court failed to make the statutorily required findings. Attorney's fees are available under Family Code section 2032 only when there is a "disparity" in the parties' ability to pay attorney's fees. The statute requires the court to *make a finding* on the existence of such a disparity. The trial court made no such finding. Its only findings in support of the attorney's fees award concerned Susan's ability to pay and her litigation conduct prior to her motion for a settled statement. It made no finding that Paul *was less able than Susan* to pay his attorney's fees. Finally, the court based the amount of the award on the services that Paul's attorney had provided to Paul during the proceedings on Susan's motion for a settled statement, but it premised its reasoning on Susan's litigation conduct during *prior* proceedings. Paul's attorney's fees during the proceedings on Susan's motion were not attributable to Susan's prior litigation conduct, but almost entirely to Paul's attorney's meritless opposition to Susan's motion and the court's lack of familiarity with the appropriate procedures for handling a motion for a settled statement.

The trial court's attorney's fees order cannot stand because it was entered without a motion, without the required findings, and based on the false premise that Susan was responsible for the protracted nature of the proceedings on her motion. We should not be misunderstood to be precluding the trial court from awarding attorney's fees to Paul in

17

the future upon a proper motion if the required findings are made and such fees are merited. But this award was an abuse of the court's discretion.

## C. Sanctions

Paul asks this court to assess sanctions on Susan in connection with her writ petition under rule 8.492.[8] He has not filed a motion for sanctions, as required by that rule. More importantly, he has not established that Susan's petition was "frivolous," intended "solely to cause delay," or otherwise in violation of the California Rules of Court. He is not entitled to sanctions. He also seeks attorney's fees from this court under Family Code section 2032. We decline to award attorney's fees to Paul under that section as we are in no position to assess whether his financial position puts him in need of such an award or whether there is a disparity between him and Susan in terms of their ability to pay his attorney's fees. Paul also seeks attorney's fees on the ground that Susan's writ petition "was filed in bad faith." Since we find substantial merit in her petition, we reject his contention.

## III.  Disposition

Let a peremptory writ of mandate issue directing the superior court to vacate its September 8, 2014 order awarding Paul attorney's fees and to conduct a new hearing on Susan's motion for a settled statement in accordance with the procedures set forth in rule 8.137. Susan shall recover her costs.

---

[8] Paul alternatively seeks sanctions under rule 8.276. That rule is inapplicable here. Rule 8.276 applies to appeals, not writs. Sanctions in a writ proceeding are governed by rule 8.492, which, like rule 8.276, requires a motion, which Paul has not filed.

18

_____
Mihara, J.

WE CONCUR:




_____
Bamattre-Manoukian, Acting P. J.




_____
Márquez, J.

19

Filed 3/4/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SUSAN MOONEY,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SANTA CRUZ COUNTY,<br><br>    Respondent;<br><br>PAUL A. MOONEY,<br><br>    Real Party in Interest. | No. H041500<br>(Santa Cruz County<br>Super. Ct. No. FL032179)<br><br><br>ORDER MODIFYING OPINION<br>AND GRANTING REQUEST<br>FOR PUBLICATION |

BY THE COURT:

It is ordered that the opinion filed herein on February 9, 2016, be modified as follows:

Replace the original signature page with the new signature page, and append the concurring opinion of Justice Bamattre-Manoukian.

There is no change in judgment.

Pursuant to California Rules of Court, rule 8.1105(b), the request for publication is hereby granted. It is ordered that the opinion in this matter, filed on February 9, 2016, shall be certified for publication.

20

Date: _____

Mihara, J.


_____

Bamattre-Manoukian, Acting P. J.


_____

Márquez, J.

_____
Mihara, J.

I CONCUR:

_____
Márquez, J.

Mooney v. Superior Court (Mooney)
H041500

BAMATTRE-MANOUKIAN, Acting P. J., Concurring.

I concur in the result reached in the majority opinion that the trial court abused its discretion in failing to rule on petitioner Susan Mooney's motion for a settled statement and in awarding attorney's fees to real party in interest Paul A. Mooney. I also agree with the majority opinion that Paul is not entitled to sanctions and that an award of attorney's fees from this court is not appropriate. I write separately to express my view of the trial court's actions in this case.

From my review of the record, it appears that the trial court was trying to fairly and expeditiously resolve Susan's motion for a settled statement. The court stated that it had "retained [its] personal notes from the trial" and was "prepared to add to, supplement, adjust, or edit the proposed statement" upon receiving it. However, it appears that the court also believed that Paul's attorney would have to do a lot of work with respect to the settled statement because no court reporter was present at the trial, Susan was not represented at trial, and her current attorney would therefore be unfamiliar with the trial proceedings. Further, the court observed that Susan had a history of failing to cooperate and of not following court orders, and that Susan could afford to pay Paul's attorney's fees. Under the circumstances, I do not believe the court was intentionally trying to divert the proceedings away from a ruling on Susan's motion for a settled statement or trying to delay a ruling on the motion, or that the court was intentionally not following the law regarding a motion for a settled statement or for attorney's fees. Rather, I believe the court was trying to follow the law and trying to do what it believed was fair for both parties in order to produce a settled statement. As the court will be conducting a new hearing on Susan's motion for a settled statement, the court will have the opportunity to reconsider the motion in accordance with the procedures set forth in California Rules of Court, rule 8.137.

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

*Mooney v. Superior Court (Mooney)*
**H041500**

Trial Court:        Santa Cruz County Superior Court

Trial Judge:        Honorable Ariadne J. Symons

Attorney for Petitioner:    John P. Hannon II
             Law Offices of John P. Hannon II

Attorneys for Real Party in Interest:  Jeanine G. Strong

             David W. Scopp
             Law Office of David W. Scopp

Mooney v. Superior Court
H041500