[No. B183412. Second Dist., Div. Six. May 16, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
WILFREDO ARIAS CERVANTES, Defendant and Appellant.

## Counsel

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Steven E. Mercer and Susan Sullivan Pithey, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**GILBERT, P. J.**—Wilfredo Arias Cervantes intends to appeal a judgment following his conviction of drug crimes. (Health & Saf. Code, §§ 11350, subd. (a), 11364.) He faces an insurmountable obstacle. The court reporter is unable to prepare a trial transcript. Current defense counsel did not try the case. The trial judge has no recollection of the trial proceedings. Yet, he approves a settled statement. This is unsettling. We vacate the order approving the settled statement and remand for further proceedings.

### FACTS

Deputy Sheriff Michael Rowland saw Cervantes riding a bicycle at night without a lit headlight. He stopped Cervantes, who appeared to be intoxicated. After handcuffing him, Rowland retrieved items he believed Cervantes had thrown away nearby—tar heroin wrapped in plastic, hypodermic syringes, a spoon wrapped in a paper towel, and a rolled-up newspaper.

At trial in March, 2005, Rowland was the only prosecution witness. After the jury's guilty verdicts, Cervantes appealed and requested preparation of a reporter's transcript. The court reporter prepared transcripts of pretrial pro-

ceedings, jury instructions, and counsel's closing argument. But she filed an affidavit stating that the portion of trial involving Rowland's testimony could not be transcribed. She said "due to a technical malfunction," no "stenographic notes are available for transcription."

In February, 2006, Cervantes filed a motion in this court for summary reversal because of the missing transcript. We denied the motion, but remanded the case to the trial court "for a determination of whether a settled statement can be obtained."

More than a year after the trial, the trial court held hearings on the preparation of a settled statement. The prosecutor prepared a proposed eight-page settled statement that summarized opening statements of counsel and Rowland's testimony.

Richard Lennon, of the California Appellate Project, and Michael McMahon, of the public defender's office, appeared on behalf of Cervantes. Lennon and McMahon told the court that Mark Stein, Cervantes's trial counsel, was unavailable and could not participate in preparing a settled statement. McMahon said, "Mr. Stein is not currently with our office. I believe he took a health-related leave of absence on short notice." Neither Lennon nor McMahon were present at the trial.

The trial court told counsel, "Well, what do we do, gentlemen? Because I have absolutely no recollection of this."

Lennon reviewed the prosecutor's draft of the settled statement. He made a few suggested corrections from information gleaned from the court file. The prosecutor incorporated those modifications and prepared a revised settled statement.

At the final hearing on the settled statement on July 6, 2006, Lennon told the court, "My problem is that I wasn't here. I have a very limited knowledge of what occurred. The court seems to have said it didn't really remember anything about this. So, all we are going on is a few notes taken by the DA . . . ." The trial judge responded, "I agree with you. It's an unfortunate situation, but I will tell you I have little or no recollection of this either." Nevertheless, the trial court approved the settled statement prepared by the prosecutor.

## DISCUSSION

Cervantes contends that the revised settled statement is not an adequate substitute for a trial transcript. We agree.

■ "Unquestionably, a reviewing court has the statutory authority to set aside the judgment and order a new trial when the transcript notes have been lost or destroyed." *People v. Jones* (1981) 125 Cal.App.3d 298, 301 [178 Cal.Rptr. 44]; see Pen. Code, § 1181, subd. 9.) " ' "The test is whether in light of all the circumstances it appears that the lost portion is 'substantial' in that it affects the ability of the reviewing court to conduct a meaningful review and the ability of the defendant to properly perfect his appeal." ' [Citations.]" (*People v. Pinholster* (1992) 1 Cal.4th 865, 921 [4 Cal.Rptr.2d 765, 824 P.2d 571].)

The Attorney General claims that the missing portion is not substantial because it involves only a few hours of testimony. He concedes that "the entire testimony of Deputy Rowland" is missing. That testimony comprises all of the prosecution case against Cervantes and the entire evidentiary portion of trial. That is a "crucial portion of the record." (*People v. Pinholster, supra*, 1 Cal.4th at p. 921.)

■ To determine whether a settled statement is adequate, we consider the issues defendant raises on appeal and the ability of the parties and the trial court to reconstruct the record. (*In re Steven B.* (1979) 25 Cal.3d 1, 9 [157 Cal.Rptr. 510, 598 P.2d 480].) To adequately reconstruct trial testimony in a settled statement we consider: (1) whether the trial judge took "detailed notes" (*ibid.*); (2) whether the court is "able to remember" the missing portion of the record (*People v. Apalatequi* (1978) 82 Cal.App.3d 970, 974 [147 Cal.Rptr. 473]); and (3) the ability of defendant's counsel to effectively participate in reconstructing the record. (*People v. Jones, supra*, 125 Cal.App.3d at p. 301; *In re Steven B., supra*, at p. 9.) Not one of these factors is present here.

In *In re Steven B.* a trial transcript was unavailable and the Attorney General argued that a settled statement would suffice. Our Supreme Court disagreed because the defense counsel's "memory was inadequate to permit him to participate in the construction of a settled statement," and the defendant was challenging the sufficiency of the evidence. (*In re Steven B., supra*, 25 Cal.3d at p. 9.) Therefore a verbatim trial transcript of the actual testimony was critical.

■ The court held the defendant was entitled to a new trial. "The loss or destruction of a court reporter's notes is an uncommon occurrence. As such it

randomly burdens isolated appellants, denying them adequate appellate review. It does not advance the cause of justice to require these appellants to proceed with such a handicap. '*It is far better that a defendant be retried than that the state should permit itself to be subject to the criticism that it has denied an appellant a fair and adequate record on appeal.*' [Citations.] *The burden of requiring a new hearing is small indeed compared to the importance of ensuring that justice is done on an adequate record on appeal.*" (*In re Steven B., supra*, 25 Cal.3d at p. 9, italics added.)

■ This case is similar to *In re Steven B.* Cervantes challenges the sufficiency of the evidence to support his conviction. His counsel was not at trial and therefore unable to effectively "participate in the construction of a settled statement." (*In re Steven B., supra*, 25 Cal.3d at p. 9.) Cervantes's trial counsel is no longer employed by the public defender's office, having left on "short notice" for health reasons.

The trial judge could not approve a settled statement. He did not take notes at trial and acknowledged, "I have *absolutely no recollection*" of the trial testimony. The prosecutor tried to refresh the court's recollection of the facts of this case, to no avail. The court responded, "I'm not sure I trust my recollection . . . . It sounds like six or seven cases that I've tried. And *for me to say, with any kind of assurance that this is the record of this particular case would be extremely difficult.*" (Italics added.) The court had no basis to certify a settled statement.

In jury argument, Cervantes counsel argued that "the officer *didn't actually see the newspaper* in my client's pocket . . . he sees some movement with my client's left hand, and then *he thinks* he sees a rolled-up newspaper fly through the air *or a rolled-up paper towel.* [¶] That's another issue. Was it *a rolled-up newspaper?* Was it a *rolled-up towel?* The *officer doesn't know which, doesn't remember.*" (Italics added.)

The "settled statement" contains the prosecutor's version of Rowland's statement: "[H]e *did see* the newspaper in defendant's hand and *did see it leave his hand* and fly through the air." (Italics added.)

The trial court could not resolve this conflict without Mark Stein, Cervantes's trial counsel. The court apparently concluded that Stein was unavailable because he had left the public defender's office. We recently learned that Mr. Stein is currently a member of the California State Bar and has a law office in Ventura. We direct the trial court to determine whether Stein can assist the court in a new hearing to prepare a settled statement. All counsel who are involved in this case are officers of the court and we assume they will make a good-faith effort to settle the record.

The order approving the settled statement is vacated and the cause is remanded for further proceedings with instructions that the trial court hold a hearing to determine whether Cervantes's trial attorney is able to assist the court in preparing a settled statement. If the court is not able to approve a settled statement, it shall vacate the judgment and order a new trial.

Yegan, J., and Coffee, J., concurred.