Filed 10/28/13  P. v. Perez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C070622 |
| Plaintiff and Respondent, | (Super. Ct. No. SF116784A) |
| v. | |
| MARIO PEREZ, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On January 25, 2011, defendant Mario Perez entered the Dillard's store in Stockton and took $192 worth of merchandise without paying.  Defendant had been convicted of petty theft with a prior and served periods of incarceration in 2003, 2008, and 2010.

1

On February 17, 2011, defendant entered a plea of guilty to violation of Penal Code section 666[1] and admitted three priors in exchange for five years' probation, subject to conditions including 12 months in jail. Sentencing was deferred to permit defendant to complete an academic semester; defendant was warned that if he failed to make required court appearances he faced a maximum of three years in prison.

Defendant was present for sentencing in May 2011, July 2011, and August 2011, and each time sentencing was continued. At the continued sentencing hearing on September 15, 2011, defendant failed to appear and a bench warrant was issued.

On September 16, 2011, the prosecutor filed an amended complaint, adding a charge of *felony* failure to appear (FTA). (§ 1320, subd. (b); count 2.) On January 19, 2012, defendant appeared. Defendant provided no justification for his absence at the September 2011 hearing and for not appearing until January 2012, and was sentenced consistent with his earlier plea. Both the minute order and the clerk's minutes reflect that defendant entered a plea of guilty to FTA. The reporter's transcript, however, does not reflect that defendant ever orally entered a plea to the FTA charge. The trial court sentenced defendant to the upper term of three years for petty theft with priors, with 16 months to be served in county jail and the remaining 20 months under mandatory supervision (§ 1170, subd. (h)(5)(B)), and to time served on the FTA (nine days). The court ordered defendant to pay $334 in fines and a $240 probation revocation restitution fine, suspended upon successful completion of mandatory supervision. The court orally ordered $334 in fines but did not break down the fines. The minute order for January 19, 2012, reflects a $240 restitution fine, a $24 administrative surcharge for the restitution fine, a $30 conviction assessment, and a $40 court security fee. The court orally ordered a $240 probation revocation restitution fine, but this fine does not appear in the minute

---

[1] Undesignated section references are to the Penal Code.

order of sentencing.  The abstract of judgment reflects a $240 restitution fine, a $24 surcharge, a $40 court security fee, and a $30 criminal conviction assessment.  The court did not orally award the time, although the clerk orally stated that defendant had nine days of credit and the credit appears on the minute order of sentencing and the abstract of judgment.  The abstract of judgment reflects the conviction and sentence for *felony* FTA.  A document entitled "Sentence pursuant to PC 1170(h)" reflects that defendant was sentenced to nine days, time served, on *misdemeanor* FTA.

Defendant appeals.

We appointed counsel to represent defendant on appeal.  In a letter to the trial court appeals clerk dated April 19, 2012,  defense appellate counsel requested augmentation of the record on appeal, claiming the reporter's transcript was incomplete because it failed to include defendant's entry of a guilty plea to count 2 (FTA).  The court reporter filed a declaration, claiming that "everything that transpired on the record on those dates given" was in the record on appeal.  Defense appellate counsel then applied in the trial court to settle the record on appeal.  The trial court granted the request.

On August 8, 2012, the trial court held a "settled statement" hearing.  Defendant was present and represented by defense counsel (a deputy public defender).  The reporter's transcript of the hearing reflects that instead of settling the record, defense counsel stated that "[w]e discussed the appellate issues with the *misdemeanor* 1320" (FTA, count 2) and that the "best way we decide[d] to resolve that is [to] vacate the judgment, withdraw his plea and dismiss that charge."  (Italics added.)  The People did not oppose the motion and the court granted the motion.

Defense appellate counsel later requested that the trial court correct the abstract of judgment.  He claimed the trial court erroneously imposed a $240 restitution fine (rather than the $200 fine in effect at the time of defendant's offense) and a $240 probation revocation restitution fine (when there is no probation after a sentence under section 1170, subdivision (h)), and erred in its award of custody credit.  Defense appellate

3

counsel did not augment the record on appeal with an amended abstract of judgment reflecting whether the trial court ever made the changes requested. Defense appellate counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Defense appellate counsel filed his *Wende* brief more than a month after he requested the corrections in the trial court with no mention of the trial court's ruling on his request.

We requested supplemental briefing with the following directions:

"1) Discuss whether the trial court had jurisdiction to vacate the judgment, to permit defendant to withdraw his guilty plea, and to dismiss count two, failure-to-appear.

"2) Discuss whether the judgment must be modified to correct an unauthorized sentence, that is, the amount of the restitution fine orally imposed and the imposition of a probation revocation restitution fine orally imposed.

"3) Discuss whether the judgment must be modified to award defendant presentence custody credit towards count one, petty theft with priors.

"4) Discuss whether remand is required to allow the trial court an opportunity to set forth the statutory authority for the fees and fines imposed."

With respect to the trial court's jurisdiction to dismiss the FTA, defense appellate counsel states, "all the parties impliedly decided that trying to settle the record was more trouble than it was worth" or that the record "could not be settled" so the parties and the trial court "agreed to the remedy of vacating the judgment authorized in Penal Code section 1181, subdivision 9." The People respond that the trial court had no jurisdiction to vacate the judgment, permit defendant to withdraw his plea to count 2 (FTA), and dismiss count 2. We agree with the People.

4

" ' "[T]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur" [citation], thereby divesting the trial court of jurisdiction over anything affecting the judgment. [Citations.] Jurisdiction survives, however, where provided by statute. [Citations.]' " (*People v. Flores* (2003) 30 Cal.4th 1059, 1064.)

"Section 1170, subdivision (d) confers upon the trial court broad authority to 'recall a sentence on its own motion for any reason rationally related to lawful sentencing [and] then impose any otherwise lawful resentence suggested by the facts available at the time of resentencing.' [Citation.] However, the 120-day period specified in section 1170, subdivision (d) is jurisdictional; the court must recall the sentence within the prescribed period. [Citations.]" (*People v. Lockridge* (1993) 12 Cal.App.4th 1752, 1757.) In other words, the sentencing court may recall a sentence if it does so within 120 days of the date of the defendant's commitment.

Here, instead of settling the record, the trial court vacated judgment on the FTA, allowing defendant to withdraw his plea to FTA, and granted the motion to dismiss the FTA charge. This the trial court could not do. The time pursuant to section 1170, subdivision (d) for doing so had long expired. And this is not a matter of a clerical error or an unauthorized sentence, which may be corrected at any time. (See *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205.)

Section 1181, subdivision 9 provides: "When a verdict has been rendered or a finding made against the defendant, the court may, upon his application, grant a new trial, in the following cases only: [¶] . . . [¶] 9. When the right to a phonographic report has not been waived, and when it is not possible to have a phonographic report of the trial transcribed by a stenographic reporter as provided by law or by rule because of the death or disability of a reporter who participated as a stenographic reporter at the trial or because of the loss or destruction, in whole or in substantial part, of the notes of such reporter, the trial court or a judge, thereof, or the reviewing court shall have power to set

5

aside and vacate the judgment, order or decree from which an appeal has been taken or is to be taken and to order a new trial of the action or proceeding."

Defense appellate counsel's reliance upon section 1181, subdivision 9 is misplaced. The trial court would have had the power and authority to set aside and vacate a judgment if it still had jurisdiction. It did not. Jurisdiction had passed to this court when defendant filed his notice of appeal. (See *People v. Hales* (1966) 244 Cal.App.2d 507, 511-512.) The trial court's action on August 8, 2012, was null and void.

The People claim that count 2 must be stricken on appeal absent a reporter's transcript showing that defendant entered a guilty plea to count 2. We disagree that the remedy on appeal is to strike count 2.

Under both the state and federal law, defendant is entitled " 'to an appellate record "adequate to permit [him or her] to argue" the points raised in the appeal. [Citation.] . . . The defendant has the burden of showing the record is inadequate to permit meaningful appellate review. [Citation.]' [Citations.]" (*People v. Harris* (2008) 43 Cal.4th 1269, 1280.)

Section 1181, subdivision 9 authorizes a grant of a new trial. " 'Unquestionably, a reviewing court has the statutory authority to set aside the judgment and order a new trial when the transcript notes have been lost or destroyed.' [Citations.] ' " 'The test is whether in light of all the circumstances it appears that the lost portion is "substantial" in that it affects the ability of the reviewing court to conduct a meaningful review and the ability of the defendant to properly perfect his appeal.' " [Citations.]' [Citation.]" (*People v. Cervantes* (2007) 150 Cal.App.4th 1117, 1121 (*Cervantes*).)

Defendant attempted to settle the record but the parties were apparently unable to provide a settled record. Defense appellate counsel's cavalier response that the parties and court decided trying to settle the record was "more trouble than it was worth" does not inspire confidence. However, as officers of the court, we assume the prosecutor and

6

the public defender made a "good-faith effort to settle the record" but could not. (See *Cervantes*, *supra*, 150 Cal.App.4th at p. 1122.) On the record before us, which consists of the clerk's transcript only, the reporter having filed a declaration that "everything that transpired on the record on those dates given" was in the record on appeal, we are not confident that defendant orally entered a plea to FTA (count 2) or, if he did, whether it was to a felony or misdemeanor FTA.

" 'The loss or destruction of a court reporter's notes is an uncommon occurrence. As such it randomly burdens isolated appellants, denying them adequate appellate review. It does not advance the cause of justice to require these appellants to proceed with such a handicap. "*It is far better that a defendant be retried than that the state should permit itself to be subject to the criticism that it has denied an appellant a fair and adequate record on appeal*." [Citations.] *The burden of requiring a new hearing is small indeed compared to the importance of ensuring that justice is done on an adequate record on appeal*.' [Citation.]" (*Cervantes*, *supra*, 150 Cal.App.4th at pp. 1121-1122.)

Here, the lost portion is substantial and prevents meaningful review and defendant's ability to raise an issue with respect to count 2. Thus, defendant has suffered prejudicial error, requiring that we vacate judgment on count 2 and remand for a new trial on that count.

With respect to the restitution fine, the probation revocation restitution fine, and custody credits, defense appellate counsel represents in his supplemental brief that the judgment has already been modified to correct each, attaching a copy of an amended abstract of judgment filed October 11, 2012, and a minute order dated October 10, 2012. By failing to timely augment the record on appeal with these documents, defense appellate counsel has wasted this court's time as well as the People's time. In filing its supplemental brief, the People did not refer to the October 2012 amended abstract, so we can assume that the Attorney General did not have it when she responded to the issues. Thus, based on the original abstract, the People recognized that when defendant

committed his crime the statutory limits for the restitution fine were a minimum of $200 and a maximum of $10,000 but argued that the $240 amount was not unauthorized since it fell within those limits. In amending the abstract in October 2012 the trial court must have agreed that it would not have imposed $240 had it known the applicable law provided a minimum of $200.

The People agree the trial court erred in imposing a "probation" revocation restitution fine. The October 2012 amended abstract does not list this fine.

With respect to custody credits, the People claim the nine days should be awarded toward the petty theft with priors offense. The October 2012 amended abstract reflects presentence custody credit of 12 days total toward the petty theft with priors offense; the abstract, however, fails to break it down to actual days and conduct days. The trial court amended the custody credits in response to defense appellate counsel's written request, claiming correctly that defendant was entitled to one-for-one credits (six actual and six conduct days) since defendant's offense occurred on January 25, 2011. (Stats. 2010, ch. 426, §§ 2, 1, respectively, eff. Sept. 28, 2010.) The October 2012 abstract requires correction to reflect that the court awarded six actual and six conduct days for the total shown of 12 days of presentence custody credit.

With respect to the statutory authority for the fees/fines, no further amendment of the October 2012 amended abstract is required. But both parties miss the point, viz., that the trial court never *orally* cited the authority when defendant was originally sentenced in January 2012. (See *People v. High* (2004) 119 Cal.App.4th 1192, 1200.) We do not have a reporter's transcript of the October 2012 hearing.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified, vacating the judgment on count 2. The matter is remanded to the trial court for a new trial on count 2. The court is directed to prepare a

new abstract of judgment reflecting credit for six actual and six conduct days, for a total of 12 days of presentence custody credit.  As modified, the judgment is affirmed.


          RAYE         , P. J.


We concur:


       BUTZ        , J.


      DUARTE     , J.