Filed 12/18/23  Smith v. Entrepreneur Media CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| SCOTT SMITH, |  |
| Plaintiff and Appellant, | G060839 |
| v. | (Super. Ct. No. 30-2020-01172678) |
| ENTREPRENEUR MEDIA, INC., | O P I N I O N |
| Defendant and Respondent. |  |

Appeal from an order of the Superior Court of Orange County, Nathan R. Scott, Judge.  Affirmed in part; remanded with directions.

Scott Smith, in pro. per., for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Alexander A. Graft and Daniel Velladao for Defendant and Respondent.

**INTRODUCTION**

Scott Smith, representing himself, appeals from an order awarding attorney fees to a prevailing defendant, Entrepreneur Media, Inc., on an anti-SLAPP[1] motion, brought pursuant to Code of Civil Procedure section 425.16. Smith objects to the amount awarded and complains about other circumstances of the attorney fee order.

We affirm. The trial court examined the evidence of the amount requested in attorney fees and costs, reduced it by about 25 percent, and awarded Entrepreneur that amount. It was well within its discretion to do so. The other complaints Smith has about the order are either unavailing or raised for the first time on appeal and therefore unreviewable.

Smith has filed a separate motion for sanctions, a motion we deny.

**FACTS**

Entrepreneur prevailed on its anti-SLAPP motion against Smith's malicious prosecution action; it then moved for attorney fees in the amount of $31,685 and for costs in the amount of $1,114, for a total of $32,799. After scrutinizing the declarations of the two attorneys primarily engaged in the matter and 15 pages of bills submitted to support the motion, the court awarded Entrepreneur $24,281.50 for both fees and costs. The court held that a fee award under Code of Civil Procedure section 425.16, subdivision (c), encompassed only the fees relating to the anti-SLAPP motion itself, not the entire case. According to the court, the award "reflects a reasonable number of hours at reasonable rates[.]"

Smith opposed the amount of the award requested on several grounds, most of which he repeats on appeal. He mainly objected to the billing rates for the two lawyers and the hours they claimed for the anti-SLAPP motion. These hours, he asserted, were

---

[1] "SLAPP" is an acronym for "strategic lawsuit against public participation," and refers to a lawsuit which both arises out of defendants' constitutionally protected expressive or petitioning activity, and lacks a probability of success on the merits. (Code Civ. Proc., § 425.16; *S.B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 377.)

inflated because they included hours not spent on the motion and because they grossly exaggerated the amount of time spent on the motion itself.  He also characterized the attorneys' billing rates as being inflated.  He suggested an award of $2,632.50 for attorney fees and $60 for the motion filing fee as costs.[2]

Smith filed a notice of appeal on October 29, 2021.  His record on appeal consists of the clerk's transcript and a settled statement.  The fee motion was not reported, so he elected to use a settled statement in place of a reporter's transcript.  The clerk's transcript was filed on June 15, 2022, without the settled statement, and the certified settled statement was filed on November 16, 2022.  Smith filed his opening brief on February 27, 2023.

## DISCUSSION

We review an award of attorney fees under Code of Civil Procedure section 425.16 for abuse of discretion.  "'[T]he appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.'  [Citation.]"  (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785.)  As the experienced trial judge is the best judge of the value of legal services, we do not disturb any such award unless the court ""'is clearly wrong.'"  [Citation.]"  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132 (*Ketchum*).)  We review the evidence supporting the trial court's exercise of its discretion for substantial evidence.  (*Ellis v. Toshiba America Information Systems, Inc.* (2013) 218 Cal.App.4th 853, 882.)[3]

---

[2]   The trial court awarded $1,114 in costs: an appearance fee ($435), a court reporter fee ($619), and a motion filing fee ($60).  This award omitted a second motion filing fee for the fee motion itself.

On appeal, Smith suggests an alternative award, arrived at by blending the billing rates of the two attorneys and averaging out the hours they spend on the two motions.  This gives an award of $8,374.  This suggestion allows nothing for costs.  Smith omits costs – such as court reporter fees and appearance fees – except for one motion fee.  Code of Civil Procedure section 425.16, subdivision (c)(1), includes costs in the award to a prevailing defendant.

[3]   Smith has requested a de novo review of the anti-SLAPP motion itself.  The motion is not before us.  We are concerned in this appeal only with the attorney fee award.  His further request for de novo review is unintelligible.

"Code of Civil Procedure section 425.16 permits the use of the so-called lodestar adjustment method under our long-standing precedents, . . ." (*Ketchum, supra,* 24 Cal.4th at p. 1131.) "[T]he lodestar is the basic fee for comparable legal services in the community[.]" (*Id.* at p. 1132.) "[A] lodestar figure [is] based on the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting *noncontingent* litigation of the same type." (*Id.* at p. 1133.) These hours include "those relating solely to the fee." (*Ibid.*)

Smith has appealed from the award on several grounds. The two chief grounds are based on (1) the billing rates for the attorneys and (2) the number of hours claimed.

As to billing rates, Smith asserts that the court abused its discretion because Entrepreneur's counsel asked for fees at the rates of $450 and $250 per hour, when their billing rates, as shown on the bills submitted as evidence, were $210 and $185 per hour respectively. This argument is contrary to case law.

In *Nemecek & Cole v. Horn* (2012) 208 Cal.App.4th 641 (*Nemecek*), an opinion concerning an attorney fee award pursuant to Civil Code section 1717, the appellant argued that the court could not award an amount more than the lawyers billed the client at their agreed-upon rate. The reviewing court disagreed: ""The reasonable market value of the attorney's services is the measure of a reasonable hourly rate. [Citations.] This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel. [Citations.]"' [Citation.] The amount to be awarded as attorney fees is left to the sound discretion of the trial court, which is in the best position to evaluate the services rendered by an attorney in his courtroom. [Citation.]" (*Id.* at p. 651; see also *Pasternack v. McCullough* (2021) 65 Cal.App.5th 1050, 1058 ["The record shows Lewis Brisbois submitted evidence regarding the hours expended and reasonable rates for the work done.

4

[Citation.]  The trial court was entitled to rely on Lewis Brisbois's declarations to determine the reasonable rates for experienced attorneys in Los Angeles County. '[T]he trial court is in the best position to value the services rendered by the attorneys in his or her courtroom.' [Citation.].]"; *Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 701 ["There is no requirement that the reasonable market rate mirror the *actual* rate billed."])

Nothing in the trial court's order specifies a billing rate for either of Entrepreneur's two attorneys.  The court awarded fees at "reasonable rates" for both. Moreover, Smith's opposition presented the court with no evidence whatsoever of reasonable rates in the community for comparable legal services to counteract the rates put forward in the motion.[4]  (Cf. *Nemecek, supra,* 208 Cal.App.4th at p. 651 [expert opinion on billing rates submitted in opposition].)  The evidence submitted in Smith's opposition to the fee motion consisted of pictures of the office of an attorney unrelated to the present action, an advertisement and a trademark registration for the same attorney, and various documents from other California state and federal courts (for which he did not request judicial notice) dealing with other litigation between himself and Entrepreneur.  There was no evidence at all from Smith regarding attorney rates in the community.

The second ground of error – and the bulk of Smith's appeal – relies on his own assessment of how many hours the attorneys should have spent on the anti-SLAPP motion.  He maintains that the court should have used 11.70 hours as the proper amount of time to (1) prepare an anti-SLAPP motion, (2) prepare a reply to his opposition to the motion, (3) prepare for and appear at the hearing (which was reported), (4) prepare the attorney fee motion itself, (5) prepare the reply to the opposition to the fee motion, and (6) prepare for and appear at the fee motion hearing.  The cost award should have been

---

[4]  In addition to the billing statements, the evidence included a copy of the Laffey Matrix.  (See *Tukes v. Richard* (2022) 81 Cal.App.5th 1, 17 & fn. 9.)

5

restricted to the $60 motion filing fee—which one not specified. He repeatedly asserts that the trial court should have awarded Entrepreneur nothing, and he urges us to reverse the award on that basis, order that the fees be denied altogether, and sanction the attorneys.

Smith's argument is, at bottom, a claim that the evidence presented to the trial court does not support the award, evoking the substantial evidence standard of review. "This traditional standard of review is highly deferential. It has three pillars. First, we accept all evidence supporting the trial court's order. Second, we completely disregard contrary evidence. Third, we draw all reasonable inferences to affirm the trial court. These three pillars support the lintel: We do not reweigh the evidence." (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 581.)

The trial court based its order on the attorneys' declarations and the bills submitted as an exhibit to the declarations. This is substantial evidence to support the fee award.

Smith's argument about inflated fees assumes that if the trial court reduced the award by any amount from what was requested, then the original request was "knowingly unreasonable and excessive[.]"[5] From this assumption, he then argues that the attorneys should have received nothing at all. He claims that this purportedly unreasonable and excessive request constitutes a "special circumstance," *requiring* the trial court to award Entrepreneur little or nothing.

Although case law allows a trial court to refuse to award fees altogether if the fee request is grossly inflated, no case *requires* the court to do so. (See *Ketchum, supra,* 24 Cal.4th at p. 1137 ["'A fee request that appears unreasonably inflated is a special circumstance *permitting* the trial court to reduce the award or deny one

---

[5] Although Smith repeatedly represents this phrase as a finding of the court, it is actually one of the arguments that he made in opposition to the fee motion. The court's order does not adopt this phrase or make any such comment about the fees requested.

6

altogether.' [Citation.]" (Italics added)].) The amount of the fees awarded is discretionary, and we do not disturb a fee award unless the court has abused its discretion.

While Smith repeatedly acknowledges that the standard of review for the amount of attorney fee award is abuse of discretion – a highly deferential standard – he just as repeatedly ignores the standard as it applies in this case, going so far as to accuse the trial court of basing its order on "passion and prejudice" instead of the exercise of the court's discretion.[6] He disputes the amount ultimately awarded by the trial court as an abuse of this discretion, and he asks us, in effect, to reexamine the evidence presented to the trial court to support the amount and to come to a different conclusion.

But the cases he cites to support this broad departure from appellate practice are uniformly ones in which the *trial court* reduced fees from the amount requested.[7] (See, e.g., *Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 998-991; *Cabral v. Martins* (2009) 177 Cal.App.4th 471, 491-492; *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1328-1329; *Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1248 (*Maughan*); *Premier Medical Management Systems, Inc., v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 561 ["The significance of *Maughan* to this case is that the Court of Appeal applied the abuse of discretion standard and did not substitute its judgment for that of the trial court."]; *Ajaxo, supra,* 135 Cal.App.4th at p. 65; *Levy v. Toyota Motor Sales, U.S.A., Inc.* (1992) 4

---

[6] We find no evidence whatsoever in the record of any passion or prejudice on the part of the trial court.

[7] Smith completely falsifies the circumstances of one case he cites, *Ajaxo Inc. v. E\*Trade Group, Inc.* (2005) 135 Cal.App.4th 21 (*Ajaxo*). In this case, a breach of a nondisclosure agreement, the prevailing plaintiff sought attorney fees under Civil Code 1717 for prior counsel. The court denied these fees for two reasons. First, prior counsel had not done a good job in preparing the case for trial; one attorney was being sued for malpractice. Second, plaintiff had presented no billing records or declarations from prior counsel. (*Id.* at pp. 64-65.) Smith cites this case as authority for his argument that Entrepreneur presented "dubious evidence" that was "obviously fraudulent, misleading, and constituted [*sic*] many violations of law." There was no mention of fraud or violations of the law connected with the fee request in *Ajaxo*.

7

Cal.App.4th 807, 817.) In none of the California authorities he cites did a reviewing court reverse the amount awarded by the trial court.

This is not surprising. The trial court is expected to know the going rate for legal services, and the trial court makes the call – either to award what is asked for or to adjust the amount up or down (usually down). The judge in this case heard the anti-SLAPP motion itself, so he was in an especially advantageous position to gauge the quality and complexity of the briefing. The appellate court intervenes only if the judge has gone completely off the rails, and there is no evidence of a rail departure in this case.

Another of Smith's complaints is that Entrepreneur's billings encompassed the entire case, not just the anti-SLAPP motion. Therefore the billings submitted "evidence[d] deceit and fraud on the Court[.]"[8]

There is authority to the effect that when the anti-SLAPP motion resulted in the dismissal of the entire case, as it did here, then the issues are "intertwined," and all the fees may be awarded. (See *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi* (2006) 141 Cal.App.4th 15, 21-22; *Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1133.) In any event, the trial court determined that it would *not* award fees for any tasks not related to the anti-SLAPP motion itself, so this argument has no basis in the facts of the case.

In addition, Smith argues that the trial court abused its discretion by failing to take his financial condition into account when it made its award. Not only did Smith fail to present any admissible evidence regarding his financial condition in his opposition to the fee motion, he also failed to make this argument in the trial court. We do not

---

[8]    Smith argues that a prevailing anti-SLAPP defendant may recover fees only for a "baseless" complaint. Since the trial court never found his malicious prosecution suit to be "baseless," Entrepreneur should not recover its fees.

A SLAPP suit is by definition "baseless." It is a suit attacking constitutional rights of free speech or of petition as to which the plaintiff has no probability of prevailing. A plaintiff need present only a prima facie case of minimal merit to defeat an anti-SLAPP motion on the probability-of-prevailing prong of the analysis. Smith could not meet even that very low standard. (See *Vargas v. City of Salinas* (2011) 200 Cal.App.4th 1331, 1348 ["This is not a high bar. If the plaintiff fails to clear the bar the suit, by definition, is not worthy."])

8

entertain theories raised for the first time on appeal. "'It is well established that issues or theories not properly raised or presented in the trial court may not be asserted on appeal, and will not be considered by an appellate tribunal. A party who fails to raise an issue in the trial court has therefore waived the right to do so on appeal. [Citations.]' [Citation.]" (*Bhatt v. State Dept. of Health Services* (2005) 133 Cal.App.4th 923, 933.)

Smith further complains that the trial court modified the settled statement in a way he disagrees with.[9] This is not a viable argument on appeal. "[W]hen the litigant fails to convince the trial judge that his proposed statement accurately reflects the proceedings in question, the action of the judge who heard and tried the case must be regarded as final since his familiarity with the trial and knowledge of what took place make him specially qualified to determine what the evidence and the proceedings were. [¶] [Appellant] has neither alleged nor shown a cause for attack on the certified settled statement as one procured through fraud or collusion." (*Cross v. Tustin* (1951) 37 Cal.2d 821, 826.)

Finally Smith argues that he is prejudiced by not having an adequate settled statement. It is not clear what the prejudice is. One of Smith's complaints is that the trial court did not turn over to him its notes on the motion – clearly the court's work product and not available to a party. Another complaint is that the clerk's transcript was

---

[9] Smith claims that the trial judge failed to hold a hearing on the settled statement and did not allow him to submit further proposals or objections, in violation of California Rules of Court, rule 8.137(g) and (h).

The register of actions reveals that Smith filed his request for a settled statement on January 20, 2022. Entrepreneur filed its response on February 9, 2022. The court issued its order on the settled statement on February 16, 2022. Smith requested a hearing on February 22. The court scheduled the hearing on March 14, with a hearing date in May. Smith filed objections on March 14. The hearing was held on May 27, 2022.

9

lodged without the settled statement, requiring Smith to request extensions of time to file his opening brief – extensions that were granted.[10]

<hr />

[10] After receiving yet another request from Smith for an extension of time to file the opening brief, we issued the following order on January 19, 2023: "On October 29, 2021, appellant filed a notice of appeal from an order awarding $24,281.50 in attorney fees and costs to respondent, following respondent's successful anti-SLAPP motion. [¶] Appellant's opening brief is currently past due, with previous extensions of time granted by this court totaling more than 140 days. Prior orders of this court granting extensions indicated that no further extensions would be granted to file appellant's opening brief. On January 4, 2023, this court issued a notice of default to appellant (Cal. Rules of Court, rule 8.220(a)(1)), which provided an additional 15 days to file an opening brief prior to dismissal. Appellant was warned that the appeal could be dismissed if no brief was filed. No brief has been filed as of the filing of this order and the appeal is scheduled to be dismissed on January 19, 2023. [¶] On January 13, 2023, appellant filed a motion to stay proceedings and/or for other applicable relief. On January 18, 2023, appellant filed an application for extension of time to file the opening brief. Like appellant's previous applications for extensions of time, appellant's motion and separate application focus on the certified settled statement, including the timing of its creation and inclusion in the appellate court record. (Cal. Rules of Court, rule 8.137.) [¶] Appellant designated the record on December 22, 2021. He selected a clerk's transcript and a certified settled statement, noting that the hearing was not reported by a court reporter. (Cal. Rules of Court, rule 8.137(b)(1)(A).) The clerk's transcript was not filed until June 15, 2022. No certified settled statement was included at that time. Appellant continued efforts in the trial court to obtain a formal settled statement and he ultimately succeeded. A certified settled statement was filed in this court on November 16, 2022. [¶] Appellant's motion places blame on the trial court for declining to prepare a timely settled statement, and this court for prematurely starting the time to file an opening brief. (See Cal. Rules of Court, rule 8.212(a)(1)(A)) [opening brief due 40 days after record is filed].) But trial court minute orders suggest appellant bears the blame for the delay. [¶] Regardless of where fault lies for the delay in obtaining the certified settled statement, appellant contested the accuracy of the trial court's 'significant handwritten deletions and additions' to the settled statement once it was filed. *This court denied appellant's previous application for an extension of time to continue contesting the contents of the settled statement. This court's December 21, 2022, order stated, in relevant part, 'It appears that any continuing efforts to contest the contents of the settled statement in the trial court are untimely. (Cal. Rules of Court, rule 8.137 (g), (h).) Moreover, a review of the settled statement filed in this court indicates that the primary change to the settled statement by the trial court was to delete an argumentative and conclusory statement by appellant (i.e., "Respondent's request for attorneys' fees and costs were grossly and knowingly inflated") and to replace it with the trial court's description of the proceedings ("the court had taken the motion seriously and carefully reviewed each billing entry leading the court to award a reduced amount"). There is no good cause to authorize additional delays of this appeal.'* [¶] Appellant nevertheless now seeks to stay the entire appeal to allow him to move to strike the certified settled statement in the trial court. The motion for a stay of this appeal is DENIED. [¶] Appellant may not delay this appeal in perpetuity by fighting over the appellate record. The clerk's transcript includes the written moving papers and opposition that led to the written order awarding attorney fees and costs that are challenged in this appeal. A certified settled statement will never be a perfect substitute for a reporter's transcript. This appeal relates to a law and motion matter that did not utilize live testimony. Appellant does not identify specific facts about the hearing that conflict with the written order and certified settled statement. *And appellant is simply wrong that a trial judge is required to turn over personal notes that it takes while reviewing a motion.* [¶] This court's prior extensions already considered appellant's showing regarding the settled statement. Appellant should have been preparing an opening brief alongside his efforts to obtain and modify a settled statement. Even if the timeline for the filing of an opening brief began to run on November 16, 2022, the opening brief would have been due as an initial matter on December 26, 2022. [¶] *Appellant's application for an extension of time to file the opening brief is GRANTED in part.* Appellant's opening brief is due on February 24, 2023. No further extensions will be granted. No additional default notices will issue. The clerk of this court is DIRECTED to dismiss this appeal if appellant's opening brief is not filed by February 24, 2023. Appellant must immediately draft his opening brief, regardless of whether he intends to initiate further proceedings in the trial court to strike the certified settled statement. Appellant's ongoing efforts to contest the settled statement do not amount to good cause for extending briefing any further on this case." (Italics added.)

The cases Smith cites to support his argument do not do so. In *People v. Cervantes* (2007) 150 Cal.App.4th 1117 (*Cervantes*), the reporter's transcript of certain testimony could not be transcribed. The prosecutor prepared a settled statement, but defense trial counsel was unavailable, defense appellate counsel was not present at trial, and the judge could remember nothing about it. (*Id.* at p. 1120.) The court granted defendant's request for a new trial, unless defense trial counsel could assist the court in preparing an accurate settled statement. (*Id.* at p. 1123.)

In this case, however, the trial court had no trouble recalling what happened at the hearing on the fee motion. The judge remembered holding up his notes to show that he had seriously considered the issues before him and that the notes were in no way evidence pertaining to these issues. *Cervantes* is of no assistance to Smith.

Likewise *People v. Bradford* (2007) 154 Cal.App.4th 1390 represents a situation totally unlike the one before us. In that case, the judge went into the jury room during deliberations and spoke to the jury off the record several times. (*Id.* at pp. 1401-1402, 1403-1404, 1405, 1407.) Later he could not recall what he had said for purposes of a settled statement. (*Id.* at pp. 1407, 1408-1409, 1418.) The defendant's conviction was reversed. (*Id.* at p. 1424.)

As stated above, nothing indicates that the trial court in this case could not remember what happened at the attorney fee motion hearing. The sole correction made to the settled statement dealt with Smith's insistence on obtaining the court's notes on the motion. Smith has offered no reason to call the accuracy of the settled statement into question.

The prejudice stemming from Smith's complaints is likewise unexplained. "Prejudice" in this context means that the "party complaining or appealing sustained and suffered substantial injury, and that a different result would have been probable if such

---

Despite this direction from our court, Smith persists in arguing on appeal that he is entitled to the trial court's notes and that withholding them prejudiced him, as did the delay in obtaining a settled statement.

11

error, ruling, instruction, or defect had not occurred or existed. There shall be no presumption that error is prejudicial, or that injury was done if error is shown." (Code Civ. Proc., § 475.) The settled statement is in the record, and it adds nothing to Smith's appeal. It simply recounts all the arguments he made in the trial court to oppose the fee motion, which are the same arguments he makes on appeal about billing rates and inflated bills.

Also unclear is the relief Smith seeks. To the extent Smith wants us to remand the matter of the trial court so he can appeal again with the settled statement and the clerk's transcript in one package, he does not explain (and we cannot see) how that would improve his position on appeal.

Smith had a hearing on his objections to the settled statement, and the court properly refused to modify it as he wished. He has presented no authority to the effect that he is entitled to have the judge's work product (his notes on the fee motion) as part of the record. There is no evidence of fraud or collusion. Nothing in the settled statement indicates that we should disturb the trial court's exercise of its discretion in this case.

Finally Smith has filed a separate motion for sanctions against Entrepreneur's attorneys, asking us, among other things, to strike Entrepreneur's respondent's brief and the two extensions of time we granted to file its brief and to assess monetary sanctions against its attorneys. We deny the motion for failure to comply with California Rules of Court, rule 8.276(b)(1). We also note that even if we struck respondent's brief, Smith would still have to demonstrate error. (See *In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 110, fn. 1; *Boelts v. City of Lake Forest* (2005) 127 Cal.App.4th 116, 126, fn. 11.) He has failed to do that as well.

12

## DISPOSITION

The attorney fee order is affirmed. Respondent is to recover its costs on appeal. Appellant's motion for sanctions is denied. We return the matter to the trial court to determine a reasonable award to respondent for attorney fees on appeal. (See *Christian Research Institute v. Alnor, supra,* 165 Cal.App.4th at p. 1320.)

BEDSWORTH, ACTING P. J.

WE CONCUR:

GOETHALS, J.

GOODING, J.

13